1  SIDLEY AUSTIN LLP
   Sean A. Commons (Bar No. 217603)
2  scommons@sidley.com
   350 S. Grand Ave.
3  Los Angeles, CA 90071
   Telephone: (213) 896-6000
4  Facsimile: (213) 896-6600

5  Bruce Braun (*pro hac vice* forthcoming)
   bbraun@sidley.com
6  Karim Basaria (*pro hac vice* forthcoming)
   kbasaria@sidley.com
7  James Mooney (*pro hac vice* forthcoming)
   jmooney@sidley.com
8  One South Dearborn
   Chicago, IL 60603
9  Telephone: (312) 853-7000
   Facsimile: (312) 853-7036

10
   *Counsel for Defendants Grant Thornton*
11 *Specialist Services (Cayman) Ltd., Hugh*
   *Dickson, and Phillip Tyrrell*
12
                    **UNITED STATES DISTRICT COURT**
13
                    **CENTRAL DISTRICT OF CALIFORNIA**
14

15 | TONY BOBULINSKI, an individual, | Case No. 2:25-cv-02713 |
16 | Plaintiff, | **GRANT THORNTON SPECIALIST** |
17 | v. | **SERVICES (CAYMAN) LTD., HUGH DICKSON, AND PHILLIP** |
18 | HUGH DICKSON, an individual, *et al.*, | **TYRRELL'S NOTICE OF REMOVAL** |
19 | Defendants. | State Action Filed: March 21, 2025 |
20 | | State Action Served: Not Served |

NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Grant Thornton Specialist Services (Cayman) Ltd., Hugh Dickson, and Phillip Tyrrell (together, the "GT Defendants") hereby remove to this Court the above-styled action, pending as Case No. 25SMCV01474 in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action").

## INTRODUCTION

1. Plaintiff Tony Bobulinski filed the State Court Action against the GT Defendants and others in Los Angeles County Superior Court. Plaintiff's Complaint ("Compl."), along with all other process, pleadings, or orders that are publicly available on the docket in the State Court Action, are attached hereto as Exhibit A. The Complaint was deemed filed on March 21, 2025.

2. The Complaint alleges that Defendants engaged in "a coordinated series of material misrepresentations, culminating in a secret, fraudulent transaction that allowed Defendants to avoid making Plaintiff . . . whole on a debt that they all knew he was owed." Compl. ¶ 1.

3. Plaintiff asserts claims for: (1) fraud; (2) civil conspiracy to commit fraud; (3) common law fraudulent transfer; (4) aiding and abetting common law fraudulent transfer; (5) violations of Cal. Civ. Code § 3439; and (6) aiding and abetting violations of Cal. Civ. Code § 3439. Compl. ¶¶ 122–154.

4. Plaintiff seeks actual and consequential damages, compensatory damages, punitive or exemplary damages, attorney's fees and costs, and pre- and post-judgment interest. *Id.* at Prayer.

5. Plaintiff brought essentially the same claims (along with federal RICO claims) in a 2024 lawsuit in the United States District Court for the Central District of California ("this Court"). Case No. 2:24-cv-02600-MWF-JPR.

6. Plaintiff filed the State Court Action only after this Court dismissed the prior lawsuit without prejudice. Case No. 2:24-cv-02600-MWF-JPR, Dkts. 102, 106. Plaintiff did not notify this Court about the State Court Action. The deadline to amend Plaintiff's complaint in this Court elapsed on March 24, 2025, and this Court entered judgment on March 27. Dkt. 102 at 28; Dkt. 106.

7. Removal of the State Court Action to this Court is proper under 28 U.S.C. § 1332(a). The parties are completely diverse because Plaintiff is a resident of Puerto Rico, Defendant Grant Thornton Specialist Services (Cayman) Ltd. is organized in the Cayman Islands, Defendant Hugh Dickson is a resident of the Cayman Islands (and citizen of the United Kingdom), Defendant Phillip Tyrrell is a resident of Australia, and no defendant is a resident of Puerto Rico. *See* Compl. ¶¶ 20–31. In addition, based on Plaintiff's allegations and the relief Plaintiff seeks, the amount in controversy easily exceeds $75,000. *Id.* ¶ 127 (alleging "in excess of $100 million" in damages).

**I.    REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a).**

**A. The Parties are Diverse.**

8. To be removed under 28 U.S.C. § 1332(a)(2), an action must be between "citizens of a State and citizens . . . of a foreign state." This requirement is satisfied here because Plaintiff alleges that he is a resident of Puerto Rico, and no defendant is a resident of Puerto Rico. Compl. ¶¶ 20–31; *see* 28 U.S.C. § 1332(c)(1).

**B. The Alleged Amount in Controversy Exceeds $75,000.**

9. To be removed under 28 U.S.C. § 1332(a), the amount in controversy in an action must "exceed[] the sum or value of $75,000." The GT Defendants deny that Plaintiff is entitled to any of the relief sought in his Complaint and do not waive any defenses with respect to any of Plaintiff's claims. However, the amount in controversy is guided by accepting Plaintiffs' allegations as true. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) ("[I]n assessing the amount in

controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" (citation omitted)). Moreover, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; only when the defendant's "assertion of the amount in controversy is challenged" do the parties need to submit proof. *Owens*, 574 U.S. at 88–89.

10. Here, Plaintiff's allegations and the relief he seeks conclusively demonstrate that the amount in controversy exceeds $75,000. Compl. ¶ 127.

11. Plaintiff alleges that "[a]s a direct and proximate [result] of Defendants' actions, Bobulinski has suffered damages in the tens of millions of dollars (and, including lost profits, in excess of $100 million)." *Id.*

12. Based on these allegations, Plaintiff seeks actual and consequential damages, compensatory damages, punitive or exemplary damages, attorney's fees and costs, and pre- and post-judgment interest, *id.* at Prayer, all of which a court must also consider in determining the amount in controversy. *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (the amount in controversy includes, among other things, *"*damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes").

13. Given the nature of Plaintiff's allegations, the nature of the relief he seeks, and the lack of any express limitation on the amount of damages sought, the $75,000 amount in controversy requirement is clearly satisfied here.

## II. THE GT DEFENDANTS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

14. Under 28 U.S.C. §§ 1441(a) and (b), any civil action over which this Court would have original jurisdiction may be removed to this Court by any defendant.

15. Under § 1441(b)(2): "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). However, § 1441(b)(2) does not apply here because, to the GT Defendants' knowledge, no California defendant has been served with the Complaint in the State Court Action. *See* Declaration of Sean A. Commons ("Commons Decl.") ¶ 4; *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152–54 (3d Cir. 2018) (holding that Section 1441(b)(2) did not preclude removal by an in-state defendant that had not been served); *Harrison v. Sonesta Int'l Hotels Corp.*, No. 2:23-CV-04867-SB-RAO, 2023 WL 5351873, at *3 (C.D. Cal. Aug. 18, 2023) ("§ 1441(b)(2) is unambiguous and . . . its plain text allows for snap removal.").

16. This Court is the proper venue for this action under 28 U.S.C. § 1441(a), as the State Court Action is pending in the County of Los Angeles, California, and the United States District Court for the Central District of California is the United States District Court for the place where the State Court Action is pending.

17. Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Complaint is attached hereto as Exhibit A (along with all other process, pleadings, or orders that are publicly available on the docket in the State Court Action). The GT Defendants have not been served with the Complaint or any other process, pleadings, or orders in this case, and to their knowledge, no California defendant has been served. *See* Commons Decl. ¶¶ 3–4.

18. Because no California defendant has yet been served with a copy of the Complaint in this case, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

19. Pursuant to 28 U.S.C. § 1446(d), the GT Defendants will promptly file a removal notice with the Clerk of the Superior Court of the State of California for the County of Los Angeles and will serve written notice of same upon counsel of record

for Plaintiff.

20.  To the GT Defendants' knowledge, no other defendants have been properly joined and served in this action, and so the consent of other defendants is not required. 28 U.S.C. § 1446(b)(2)(A); *see also United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008).

21.  By filing this Notice of Removal, the GT Defendants do not waive, either expressly or implicitly, their rights to assert any defense which they could have asserted in the Superior Court of the State of California for the County of Los Angeles.

WHEREFORE, the GT Defendants respectfully request that the Court assume jurisdiction over this action.

Dated: March 27, 2025                    SIDLEY AUSTIN LLP

By: */s/ Sean A. Commons*
    Sean A. Commons
    Bruce Braun
    Karim Basaria
    James Mooney

*Counsel for Defendants Grant Thornton Specialist Services (Cayman) Ltd., Hugh Dickson, and Phillip Tyrrell*