JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BOBULINSKI,<br><br>               Plaintiff,<br><br>   v.<br>HUGH DICKSON, *et al.*,<br><br>               Defendants. | Case No. 2:25-cv-02713 CV (AJRx)<br><br>**ORDER GRANTING PLAINTIFF TONY BOBULINSKI'S UNOPPOSED MOTION FOR REMAND [DOC. # 21]** |

     On May 8 2025, Plaintiff Tony Bobulinski ("Plaintiff") filed an Unopposed Motion for Remand, Doc. # 21 ("Motion"). The Motion designated May 23, 2025, for a hearing of the Motion. *See Id.* On May 8, 2025, Plaintiff filed a Reply in support of the Motion. Doc. # 22. Plaintiff sought remand of this case based on evidence that at least one partner of Defendant Sheppard Mullin Richter & Hampton LLP ("Sheppard Mulllin") was an American citizen domiciled abroad, which has the effect of destroying diversity for the purposes of federal subject matter jurisdiction. *See* Doc. # 21-1 [Declaration of Sam S. Meehan] ¶¶ 2–3; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("[T]o meet the complete diversity requirement [for subject-matter jurisdiction], all partners, limited as well as general, must be diverse from all parties on the opposing side.") (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192–97 (1990)); *Swiger v.*

*Allegheny Energy, Inc.*, 540 F.3d 179, 185 (3d Cir. 2008) ("Because Morgan Lewis has a stateless partner, and thus, all partners of Morgan Lewis are not diverse from all parties on the opposing side, the district court correctly held that it lacked diversity jurisdiction over this action."); *Int'l Venture Assocs. v. Hawayek*, No. C 13-01254 RS, 2013 WL 2646188, at *3 (N.D. Cal. June 12, 2013) (holding that since a U.S. citizen domiciled abroad was a partner of the plaintiff partnership, the partnership was considered "stateless" and there was no diversity jurisdiction under 28 U.S.C. § 1332(a)(1)).

The May 23, 2025, hearing date required Defendants to file an opposition to the Motion no later than May 2, 2025. *See* Local Rule 7-9. Defendants did not file any opposition to Plaintiff's Motion. Accordingly, the Court will VACATE the hearing date and GRANT Plaintiff's Motion. *See* Local Rule 7-12. It is HEREBY ORDERED that this matter be remanded back to the Superior Court for the State of California, County of Los Angeles, for further proceedings.

**IT IS SO ORDERED.**

DATED: 5/13/25

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE